# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
 Plaintiff,

v.

ANTONIO CASILLAS MONTERO,
 Defendant.

CRIM. NO. 22-437 (SCC-MDM)

## ORDER

 Pending before the Court is the defendant, Antonio Casillas Montero's (the "Defendant"), "Request to Re-open Bail Hearing" (the "Motion for Hearing"). Docket No. 55. For the reasons that follow, the Court finds that Defendant has failed to demonstrate how the purportedly new medical information and conditions of confinement are in any way material to, or have a bearing upon, the Court's prior determination of Defendant's flight risk. The Court explains.

**I. Background and Procedural History**

 On October 2, 2022, the Defendant was charged by way of a criminal complaint with: 1) sponsoring or exhibiting a dog in an animal fighting venture, in violation of 7 U.S.C. §2156(a)(1); 2) knowingly attending an animal fighting venture, in violation of 7 U.S.C. §2156(a)(2); 3) knowingly selling, buying, possessing, training, transporting, delivering and receiving a dog for the purpose of having the dog participate in an animal-fighting venture, in violation of 7 U.S.C. §2156(b); and conspiracy to commit the above violations, pursuant to 18 U.S.C. §371.

 On October 6, 2022, the Defendant was arrested. Later that same day, the grand jury returned an indictment charging the Defendant with one count of conspiracy to violate the same sections of law included in the criminal complaint, but also added a charge of conspiracy to violate 18 U.S.C. §49 (Enforcement of animal

Case 3:22-cr-00437-SCC-MDM   Document 76   Filed 02/24/23   Page 2 of 11

U.S. v. Antonio Casillas Montero                                                                                      - 2 -
Crim. No. 22-437 (SCC-MDM)

fighting prohibitions) (the "Indictment"). *See* Docket No. 7.[1] Prior to the Court holding the arraignment and the detention hearing, the government filed a written motion to continue the detention hearing for three days, pursuant to 18 U.S.C. §3142(f)(2). At the initial appearance, the Court appointed the Office of the Federal Public Defender to represent the Defendant and heard arguments from the parties regarding the government's request for a continuance of the detention hearing. After hearing from the parties, the Court granted the government's request to continue the arraignment and detention hearing until October 12, 2022. *See* Docket No. 9.

On October 11, 2022, the government filed a 35-page "Motion to Detain Without Bail" ("Motion to Detain"). *See* Docket No. 15. In its Motion to Detain, the government argued that defendant presented an "extreme" risk of flight.[2] More specifically, the government painted a picture of an individual who has the motive, opportunity, and the means to flee the jurisdiction. It further argued that the Defendant was not the type of person likely to follow any conditions set by the Court.

In the Motion to Detain, the government explained that the Defendant

> has been running Stone City Kennel with his partners (including one currently in Florida) for over 30 years, beginning around 1990. Stone City Kennel has been involved in over 150 dog fights. Stone City Kennel breeds and sells dogs for fights around the world, with its base in Humacao, Puerto Rico. Over the years, [the Defendant] has refined his conditioning of fighting dogs, using steroids and other chemicals, including sustanol, winstrol, promobolon, and eritropoyectina . . . . In communications heard/read by the Government, [the

---

[1] On November 3, 2023, after this Court had already issued the Order of Detention for the defendant, the grand jury returned a Superseding Indictment that, among other things, separated into five separate counts the same criminal violations included in the original Indictment. *See* Docket 39.

[2] The actual standard for detention under the Bail Reform Act (*see* 18 U.S.C. §3142(f)(2)) is whether the defendant presents a "serious" risk of flight. Nevertheless, the government claimed that the defendant presented an "extreme" risk of flight. Because none of the charges in the Indictment fit within the Section 3142(f)(1) factors, the government's argument in favor of detention was limited solely to Defendant being a serious risk of flight, not a danger to the community. *See United States v. Ploof*, 857 F.2d 7 (1st Cir. 1988).

Case 3:22-cr-00437-SCC-MDM   Document 76   Filed 02/24/23   Page 3 of 11

*U.S. v. Antonio Casillas Montero*                                                                     - 3 -
Crim. No. 22-437 (SCC-MDM)

> Defendant] has boasted that he does not remove a losing dog from a fight.

Docket No. 15 at 10. The government also included in the Motion to Detain a still photo from a video showing the Defendant stabbing a pig in the chest and letting it bleed to death while smiling in front of a crowd of people. *Id.* at 5. It also included a picture of a dog with a chain wrapped tightly around his testicles. *Id.* at 7. The government argued that this evidence proves defendant's temerity and contempt for the law.

The government also based its allegation that the defendant was an "extreme" flight risk on evidence of his multiple contacts with like-minded individuals located outside of the United States, namely individuals around the world who share a love for dog fighting. *Id.* at 10. Indeed, the government proffered that the Defendant and Stone City Kennel are so well-known within the dog fighting community that they have a supportive "fan base" around the world. *Id.* at 24. The government further proffered that records show that between the years 2017 and 2021, the Defendant has travelled extensively outside the United States, including to such places as Mexico City, Santo Domingo, Punta Cana, Cancún, Panama City, and Barbados. *Id.* at 21. He has also purportedly received money through Western Union sent from such countries as the Dominican Republic, Ecuador, the Virgin Islands and Antigua & Barbuda. *Id*.

The government also alleged that the Defendant had a large amount of unexplained wealth, including a mansion-like residence in Humacao, Puerto Rico, and eight cars registered in his name, while his business tax records show that his family's pizza restaurant, a business that accepts only cash, earns only $30,000 per year. *Id.* at 33.

On October 12, 2022, the case was called for an arraignment and detention hearing. After concluding the arraignment, the Defendant requested a seven-day continuance of the detention hearing to review the government's lengthy Motion to

Case 3:22-cr-00437-SCC-MDM   Document 76   Filed 02/24/23   Page 4 of 11

U.S. v. Antonio Casillas Montero	- 4 -
Crim. No. 22-437 (SCC-MDM)

Detain. The Court granted that request and rescheduled the detention hearing for October 20, 2022. *See* Docket No. 17.

On October 20, 2022, prior to the scheduled detention hearing, the Defendant filed an "Informative Motion Regarding Bail Matter" (the "Informative Motion"). *See* Docket No. 20. In the Informative Motion, the Defendant did not dispute the matters in the Pretrial Services Report or the allegations in the Motion to Detain and stated instead that,

> Mr. Casillas and his counsel have reviewed the Pretrial Services Report. Mr. Casillas has been informed of the report's favorable recommendation for conditions of release pending trial. However, Mr. Casillas informs that he does not wish to move for conditions of release at this time. Mr. Casillas reserves the right to reopen the matter at a future date. This motion has been reviewed and signed by Mr. Casillas.

*Id*. Thereupon, the Court vacated the detention hearing, adjudicated the issue of detention, and granted the government's Motion to Detain. *See* Docket Nos. 21 & 22. In its Order of Detention, the Court found the following:

> This is not a presumption case however the United States filed a detailed Motion Seeking Detention Without Bail arguing that the defendant represents a serious risk of flight. See Docket No. 15. On October 20, 2022, the same day scheduled for his detention hearing, the defendant filed an informative motion informing the Court that he "does not wish to move for conditions of release at this time." See Docket No. 20. Based on the government's motion seeking detention, and the defendant's response thereto, the Court finds that, for the reasons espoused in Docket No. 15, the government has demonstrated by preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. The defendant nevertheless reserved the right to reopen the question of bail at a later date. If the defendant decides to seek reopening of his bail hearing at some later date, he shall indicate at that time whether the Court is obliged to find that new evidence exists that was not known to him at the time of the initial detention hearing.

Case 3:22-cr-00437-SCC-MDM   Document 76   Filed 02/24/23   Page 5 of 11

*U.S. v. Antonio Casillas Montero*                                                                 - 5 -
Crim. No. 22-437 (SCC-MDM)

*See* Docket No. 24.

Also on October 20, 2022, the government filed a "Motion for Order to Show Cause Regarding the Appointment of Publicly Funded Counsel" ("Motion for Order to Show Cause"). *See* Docket No. 25. In the Motion for Order to Show Cause, the government took issue with the Court's appointment of the Office of Federal Public Defender to represent the Defendant, claiming that he was not indigent and had sufficient funds to hire the services of his own attorney. *Id.* The Court therefore ordered the Defendant to file a Financial Affidavit form by October 28, 2022 (the "Order of Detention"). *See* Docket No. 29.[3] On November 5, 2022, after having requested an extension of time to file the financial affidavit, the Defendant filed an informative motion stating that he was in the process of retaining counsel and that that counsel would enter an appearance forthwith. *See* Docket No. 37.

On November 15, counsel Jennie Espada entered an appearance on behalf of the Defendant. *See* Docket No. 42. On November 30, 2022, however, Jennie Espada withdrew as counsel for the Defendant and Attorney José Aguayo entered an appearance on behalf of the Defendant. *See* Docket No. 42.

On January 18, 2023, guided by newly retained counsel Aguayo, the Defendant filed the Motion for Hearing. *See* Docket No. 55.[4] In his Motion for Hearing, the Defendant cited as "new" information the following alleged facts that have occurred since arriving at the Guayama detention facility:

(1) "he has lost thirty-one (31) pounds,"

(2) "his health has been adversely effected [sic] in that he now has (i) high blood pressure, (ii) nose bleeds, colds and heavy coughing, (3) hemorrhoids, and (iii) "sanja" [or "scabies" in English] throughout the surface of his body," and

---

[3] On November 3, 2022, the grand jury returned a Superseding Indictment, adding four additional counts. *See* Docket No. 39.

[4] The Court notes that he Defendant's capacity to retain private counsel buttresses the government's contention that he has unexplained wealth that could be used to finance a determination to flee the jurisdiction.

Case 3:22-cr-00437-SCC-MDM   Document 76   Filed 02/24/23   Page 6 of 11

*U.S. v. Antonio Casillas Montero*                                                                                                    - 6 -
Crim. No. 22-437 (SCC-MDM)

(3)     "he has been locked up twenty-two (22) hours per day in a cell which he shares with another inmate. This cell measures twelve feet by six and a half feet (12' × 6 ½'; thus, 6' × 3¼' for each person)."

In addition to highlighting the abovementioned medical conditions and confinement information as new evidence, in the Motion for Hearing the Defendant restated information detailed in the Pretrial Services Report and considered by the Court in the Order of Detention.

The Government filed an Opposition to the Defendant's Motion for Hearing and the Defendant filed a Reply. *See* Docket Nos. 60 and 66, respectively.

**II.     Legal Analysis**

*A. The Bail Reform Act Standards for Detention*

The Bail Reform Act directs the judicial officer to order pretrial release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. §3142(b). If the preceding terms will not reasonably assure appearance or will endanger safety, then the judicial officer is directed to consider a number of conditions to be attached to a release order. 18 U.S.C. §3142(c). Only "[i]f, after a hearing pursuant to [§3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," shall the judicial officer order detention. 18 U.S.C. §3142(e). Section 3142(f), in turn, specifies certain conditions under which a detention hearing shall be held, including upon motion of the attorney for the government in a case involving "a serious risk of that such person will flee." *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988); 18 U.S.C. §3142(f)(2)(A).

Importantly, Section 3142(f) does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to only those instances where the pending charges fit squarely under §3142(f)(1)

Case 3:22-cr-00437-SCC-MDM   Document 76   Filed 02/24/23   Page 7 of 11

*U.S. v. Antonio Casillas Montero*                                                                                                           - 7 -
Crim. No. 22-437 (SCC-MDM)

or (2). In this case, because the charges do not fall under any of the §3142(f)(1) factors, the Court was limited to determining whether detention was appropriate under §3142(f)(2), that is, whether the Defendant poses a serious risk of flight. *See* 18 U.S.C. §3142(f)(2)(A).[5]

After identifying the applicable section(s) of 3142(f), the judicial officer must then consider the statutory factors set forth in 18 U.S.C. §3142(g) to determine whether pretrial detention is warranted, namely (1) the nature and circumstances of the offense charged; (2) the "weight of evidence" against the defendant; (3) the history and personal characteristics of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [the defendant's] release." 18 U.S.C. §3142(g).

### B. The Standard for Re-opening a Bail Hearing

If the Court orders a defendant detained pending trial, Section 3142(f)(2) provides that the court may reconsider that detention order "at any time prior to trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of] whether there are conditions that will reasonably assure the appearance of such person as required . . . ." 18 U.S.C. §3142(f)(2)(B); *United States v. Rodríguez-Adorno*, 606 F. Supp. 2d 232, 234 (D.P.R. 2009) (citing, *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991).[6]

---

[5] The government did not seek; therefore, the Court will not discuss, the possibility of detention based on the Defendant obstructing justice or intimidating witnesses under §3142(f)(2)(B).

[6] The Defendant's reservation of the right to reopen the issue of bail in the Informative Motion does not modify or negate the standard for reopening the question of bail after the Court has ordered detention pursuant to 18 U.S.C. §3142(f)(2).

Case 3:22-cr-00437-SCC-MDM   Document 76   Filed 02/24/23   Page 8 of 11

U.S. v. Antonio Casillas Montero											- 8 -
Crim. No. 22-437 (SCC-MDM)

Many courts have interpreted strictly the statutory provision authorizing the re-opening of a detention hearing, holding that hearings should not be re-opened if the evidence proffered was available at the time of the hearing. *See Dillon*, 938 F.2d at 1415 (affirming district court's decision not to re-open detention hearing based on defendant's submission of affidavits from witnesses that could have been introduced at the original hearing); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (affirming district court's decision not to re-open detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new); *United States v. Peralta*, 849 F.2d 625, 626–27 (D.C. Cir. 1988) (affirmed a district court decision to re-open a detention hearing and detain the defendant on the basis of information not available at the initial hearing, to wit, the denial of a suppression motion which increased the likelihood of conviction).

Accordingly, while a movant may certainly (and usually will) become aware of new evidence as a result of discovery or investigation, and those discovery materials will almost certainly bear on the "weight of the evidence" and "nature of the charge" factors considered during a detention review, this Court held in *Rodríguez-Adorno*, at 239, that Congress intended *new information* to mean something other than a defendant's own evaluation of the strength of the case against him, requiring, for example: truly changed circumstances, something unexpected, or a significant event. *See, e.g.*, *Patriarca*, 948 F.2d 789, 794 (1st Cir. 1991) (citing the occurrence of a "significant event" in the interval between the magistrate's detention order and the district court's release order); *United States v. Chen*, 820 F. Supp. 1205, 1209 (N.D. Cal., 1992) (citing the case's "surprising turns" as justification for the Court's reconsideration of the pretrial release order for certain defendants).

Moreover, it is not sufficient that the information brought to the court's attention simply be "new," but it must also be *material* to the Court's determination of flight risk or danger to the community. *Rodríguez-Adorno*, 606 F. Supp. 2d at 234. Absent material impact on the court's adjudication of the facts supporting detention

Case 3:22-cr-00437-SCC-MDM   Document 76   Filed 02/24/23   Page 9 of 11

*U.S. v. Antonio Casillas Montero*                                                                                          - 9 -
Crim. No. 22-437 (SCC-MDM)

and a potential to justify the reopening of a bail determination, there is no basis to allocate the court's time and resources to a renewed hearing.

### C. Defendant failed to allege new and material evidence to justify the reopening of bail hearing

#### 1. Defendant's weight loss is irrelevant to the detention determination

The Defendant first claims in the Motion for Hearing that "he has lost thirty-one (31) pounds" since he has been detained at the Guayama detention facility. He failed, however, to allege or argue how his purported weight loss is material to the Court's determination that he is a risk of flight. He also failed to allege that his weight loss was in any way significant or life threatening[7] or that it resulted from a condition that is not or cannot be treated at the Guayama detention facility.

Accordingly, the Court finds that the Defendant's purported weight loss is not material to whether the Defendant remains a risk of flight. Indeed, his motive, opportunity and means to flee the jurisdiction remain unaffected by his weight loss. This allegation does not support a hearing to review the Order of Detention.

#### 2. Defendant's alleged adverse health conditions do not affect the detention determination

The Defendant's second allegation regarding new medical conditions is that: "his health has been adversely effected [sic] in that he now has (i) high blood pressure, (ii) nose bleeds, colds and heavy coughing, (3) hemorrhoids, and (iii) 'sanja' [or "scabies" in English] throughout the surface of his body." He once again failed to allege or argue how these purported medical conditions are material to the Court's determination that he is a risk of flight. Neither does he articulate how these multiple conditions are significant to his well being or resulting from illnesses that are not or cannot be treated at the Guayama detention facility.

---

[7] Citing to Defendant's medical records included as part of the Motion to Re-open Bail Hearing, the government states that the Defendant's weight has fluctuated between 223 and 228 pounds from November 21, 2022, and January 11, 2023. The government also mentions that defendant has a BMI of 33.9, which indicates obesity and that he has refused to adhere to a low-fat diet recommended by the medical professionals at Guayama.

Case 3:22-cr-00437-SCC-MDM   Document 76   Filed 02/24/23   Page 10 of 11

*U.S. v. Antonio Casillas Montero* - 10 -
Crim. No. 22-437 (SCC-MDM)

Indeed, the government points out, to the contrary, that Defendant suffered from high blood pressure when he was admitted to the Guayama detention facility and that his blood pressure has remained consistent over time, even if high. Docket No. 66-1 at 2. The government also showed that Defendant's alleged nose bleeds, coughing, hemorrhoids, and scabies are conditions being treated by physicians at the Guayama detention facility that have no material impact on whether the Defendant is a risk of flight. Defendant's alleged high blood pressure is a condition that existed prior to the Order of Detention and the other identified ailments are common illnesses that do not mitigate the Defendant's adjudicated capacity to flee the jurisdiction. The Court finds, therefore, that these medical conditions are neither the type of new evidence that would warrant the re-opening of the bail hearing nor information material to the adjudication of the Defendant as a risk of flight.

3. <u>Defendant's conditions of confinement are immaterial to the issue of risk of flight</u>

Defendant's third contention in support of his request to re-open his bail hearing is that "he has been locked up twenty-two (22) hours per day in a cell which he shares with another inmate. This cell measures twelve feet by six and a half feet (12' × 6 ½'; thus, 6' × 3¼' for each person)." Yet again, the Defendant provides no explanation regarding how the size of his cell, or the number of hours he is permitted outside of his cell, has any relation to the Court's finding that he is a serious flight risk. The fact that the Defendant would be locked up with another inmate upon confinement is not the type of new evidence or unexpected circumstance that warrants the reopening of a bail hearing, nor is it significant to the issue of whether there are conditions of release that would insure the Defendant's appearance. This alleged condition of confinement is not a new factor that would justify the revision of the Order of Detention.

Case 3:22-cr-00437-SCC-MDM   Document 76   Filed 02/24/23   Page 11 of 11

*U.S. v. Antonio Casillas Montero* - 11 -
Crim. No. 22-437 (SCC-MDM)

### III. Conclusion

The Defendant's failure to fully flesh out the materiality of any of his purported claims proves fatal. Simply put, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). The Court finds that neither the Defendant's alleged medical conditions nor the alleged conditions of his confinement constitute the type of new evidence that is material to the question of his being a serious risk of flight. For that reason, the Court finds there is no justification for holding a hearing to reopen the issue of bail in this case. Defendant's Motion for Hearing is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of February 2023.

MARSHAL D. MORGAN
UNITED STATES MAGISTRATE JUDGE